IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| | \*   **Case No. 16-po-6372** |
| **v.** | \* |
| | \* |
| | \* |
| **DERRIC D. WRIGHT,** | \* |
| | \* |
| | \* |
| **Defendant** | \* |
| | \*\*\*\*\*\*\*\*\*\*\*\* |

## MEMORANDUM OPINION AND ORDER OF COURT

On June 11, 2016, Defendant was issued a violation notice charging him with possession of a weapon, trap, or net in violation of 36 C.F.R. § 2.4(b)(1)(i). At his bench trial on October 24, 2016, Defendant moved for judgment of acquittal at the conclusion of the Government's case. The Court denied the motion. Defendant elected not to present any evidence in his defense. During closing argument Defendant argued, *inter alia*, that he should be acquitted of the charge because the Government failed to prove that the weapon in question was operable at the time of the incident. The Court took the matter under advisement.

## BACKGROUND

At or about 4:41 a.m. on June 11, 2016, United States Park Police ("USPP") Officers Matthew Manning and Jerrald Ferreyra responded to a report of a motor vehicle accident on the Baltimore-Washington Parkway at which an altercation had broken out. The Baltimore-Washington Parkway is a unit of the National Park System located within the State of Maryland. *United States v. Kim*, 902 F. Supp. 2d 763, 765 (D. Md. 2012). When they arrived at the scene, the officers observed numerous persons and vehicles "all over the roadway." Officer Manning

described the scene as "chaotic." Defendant was standing near the rear of his Honda CR-V on the right shoulder of the Parkway. Several of the other persons present advised the officers that someone at the scene had a gun, but it was unclear to the officers who possessed the weapon. The officers called for backup assistance, given the chaotic nature of the scene and the fact that there was a report of a gun being present. One of the responding officers was USPP Sergeant Adam Zielinski, who assumed control of the scene. Investigation at the scene led the officers to believe that the reported gun was possibly inside Defendant's vehicle. Sergeant Zielinski searched Defendant's vehicle and in a drawer under the front passenger seat found a semi-automatic Smith and Wesson handgun, with a full magazine in place containing 14 rounds and a live round in the chamber. Sergeant Zielinski seized the gun. In a conversation with the sergeant after he seized the gun, Defendant stated that he had a Louisiana conceal-and-carry permit for the gun. He did not, however, produce any kind of permit from the State of Maryland. The gun, magazine, and a photograph showing their location in the vehicle were admitted into evidence at trial.

## DISCUSSION

Possessing a weapon in a National Park System unit is prohibited under 36 C.F.R. § 2.4(b)(1)(i). The term "weapon" is defined in the regulations as a "firearm . . . or any other implement designed to discharge missiles, and includes a weapon the possession of which is prohibited under the laws of the State in which the park area or portion thereof is located." 36 C.F.R. § 1.4(a). The term "firearm" is defined in the regulations as "a loaded or unloaded pistol, rifle, shotgun or other weapon which is designed to, or may be readily converted to, expel a projectile by the ignition of a propellant." *Id.* Clearly, the loaded handgun seized from Defendant's vehicle is a firearm as defined in § 1.4(a). Further, at the conclusion of the

evidence, the Court made a finding that the Government had proven beyond a reasonable doubt that Defendant, in fact, was in possession of the handgun.

Normally, the analysis would end here. Defendant argues, however, that he must be acquitted because this case falls within an exception to 36 C.F.R. § 2.4. Indeed, § 2.4(a) provides that

> **[n]one of the provisions in this section or any regulation in this chapter may be enforced to prohibit** an individual from possessing a firearm, including an assembled or functional firearm, in any National Park System unit if:
>
> (1) The individual is not otherwise prohibited by law from possessing the firearm; and
>
> (2) The possession of the firearm is in compliance with the law of the State in which the National Park System unit is located.

36 C.F.R. § 2.4(a) (emphasis added). In regard to the first prong of the exception, no evidence was presented to establish that Defendant is prohibited by law from possessing the handgun. In regard to the second prong, Defendant argues that his possession of the handgun was in compliance with Maryland law and that, therefore, he must be acquitted.

Maryland law prohibits a person from wearing, carrying, or transporting a handgun, whether concealed or open, on or about his person. Md. Code Ann., Crim. Law § 4-203(a)(1)(i). Maryland law also proscribes the wearing, carrying, or knowingly transporting a handgun, whether concealed or open, in a vehicle traveling on a road or parking lot generally used by the public, highway, waterway, or airway of the State. *Id.* § 4-203(a)(1)(ii). Under Maryland law "handgun" is defined as "a pistol, revolver, or other firearm capable of being concealed on the person." *Id.* § 4-201(c)(1). Without conceding the point, Defendant does not seriously contest that the handgun found in his vehicle is a "handgun" as defined in the Maryland statute. Defendant argues, however, that, to be convicted under section 4-203(a)(1)(i) or (ii), Maryland

law requires that the government must prove not only that a defendant was in possession of a handgun, but, further, that the handgun was in an operable condition. Defendant argues, therefore, that, because the Government did not provide proof that the handgun was test-fired and shown to be in operating condition, he could not be convicted under the Maryland statute and that, therefore, he falls within the exception in 36 C.F.R. § 2.4(a).

Assuming *arguendo* that Maryland law requires proof of operability as Defendant argues, the operability of a firearm may be proved solely by circumstantial evidence. *See United States v. Robson*, 391 F. Supp. 2d 383, 390-91 (D. Md. 2005) (finding that handguns found loaded with ammunition in a tractor-trailer cab within a short distance from the defendant was sufficient for trier of fact to establish their operability for purposes of the Maryland statute); *Mangum v. State*, 676 A.2d 80, 83, 84 (Md. 1996) (holding that "operability [of a firearm] may be proved by circumstantial evidence" and that trier of fact could have inferred beyond a reasonable doubt that the defendant possessed an operable firearm from totality of circumstances, including the fact that the defendant was in possession of a sawed-off shotgun and a bandolier of shot-gun shells was draped over his shoulder). Direct evidence, such as test-firing the weapon, however, is not required to prove operability of a firearm. Here, the officers responded to the scene of an accident involving an altercation and a report that someone on scene had a gun. Sergeant Zielinski testified that he found Defendant's handgun loaded with a full magazine and a live round in the chamber under the front passenger seat of Defendant's vehicle. The Court finds that this evidence is sufficient circumstantial evidence to establish the operability of the handgun beyond a reasonable doubt. *See Robson*, 391 F. Supp. 2d at 390-91. The Court thus finds that the second prong of the exception in 36 C.F.R. § 2.4(a) has not been established.

## **CONCLUSION**

For the reasons stated above, the Court finds that the Government has proven Defendant's guilt beyond a reasonable doubt. The matter will now be scheduled for sentencing.

Date: January 25, 2017                                         /s/
                                                                    Thomas M. DiGirolamo
                                                                    United States Magistrate Judge